UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MELVIN FAGAN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 1:05-cv-1721-SEB-VSS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

### Entry Discussing Motion to Dismiss

This cause is before the court on the complaint of Melvin Fagan ("Fagan") to obtain the return of certain property, on the United States' motion to dismiss, and on Fagan's response to the motion to dismiss.

Whereupon the court, having considered the complaint, motion, and response, and being duly advised, now finds that the United States' motion to dismiss must be **granted.** This conclusion rests on the following facts and circumstances:

1.  Fagan was the defendant in a criminal action in this District docketed as No. IP 92-9-CR-M/F. He filed a motion for production of property on September 30, 2005. Consistent with the decision in *United States v. Howell,* 354 F.3d 693 (7th Cir. 2004), the motion for production of property was processed as a new action, which became this action.

2.  While the criminal action was pending, the United States notified Fagan's attorney that it intended to present as evidence the firearms Fagan now seeks. These are the weapons identified as one NEF 32 H&R Magnum handgun, one North American Arms .22 handgun, one Glock 9 mm handgun, one Intratech 9 mm handgun, and a derringer seized from 537 West 11th Street, Indianapolis, Indiana, and are referred to in this Entry collectively as "the firearms." The United States was in possession of the firearms on or about December 30, 1992. On or about February 3, 1992, the United States Drug Enforcement Administration sent Fagan a letter, addressed to him in care of the Marion County Jail, 40 South Alabama Street, Indianapolis, Indiana, in which the DEA gave Fagan notice of its intent to forfeit through administrative forfeiture proceedings a sum of money in the amount of twenty-nine thousand one hundred dollars ($29,100.00) that DEA agents had seized from Fagan. This sum of money is referred to in this Entry as "the currency." The United States was in possession of the currency on or about February 3, 1992.

3. The United States argues that Fagan's claim with respect to the currency is barred by the 6-year statute of limitations set forth in 28 U.S.C. § 2401. Suits against the United States must be initiated within six years after the claim arises. 28 U.S.C. § 2401(a). An action seeking to correct a procedurally deficient forfeiture is subject to the six-year catch-all statute of limitations for federal claims found in 28 U.S.C. § 2401. *Adames v. United States,* 171 F.3d 728, 731 (2d Cir. 1999)(holding that 28 U.S.C. § 2401 applies to "every civil action commenced against the United States" including actions brought under Fed.R.Crim.P. 41(e)); *Polanco v. DEA,* 158 F.3d 647, 652-53 (2d Cir. 1998) (same); *Boero v. DEA,* 111 F.3d 301, 305 n.5 (2d Cir. 1997)(same). The plaintiff has the burden of proving compliance with the requirements of § 2401(b). *McCall ex rel. Estate of Bess v. United States,* 310 F.3d 984, 987 (7th Cir. 2002). In the absence of such compliance, a district court lacks subject matter jurisdiction over the plaintiff's claim, because the conditions required to invoke the FTCA's limited waiver of the United States' sovereign immunity have not been met, and without that waiver the United States cannot be sued. *Coska v. United States,* 114 F.3d 319, 323 (1st Cir. 1997).

    a. Fagan alleges that the currency was taken from him on December 12, 1991. The 6-year statute expired in December 1997.

    b. Fagan's filing in September 2005 was nearly 8 years after this statute expired. The filing is barred by the statute of limitations. *United States v. Sims,* 376 F.3d 705, 708 (7th Cir. 2004) (citing *United States v. Duke,* 229 F.3d 627, 629 (7th Cir. 2000)). Alternatively, the United States argues that Fagan's challenge to the administrative forfeiture of the currency could can only be based on a claim that he did not receive constitutionally adequate notice of the forfeiture action. *Chairez v. United States,* 355 F.3d 1099 (7th Cir. 2004). Fagan does in fact make such a claim, but in view of the exceedingly stale filing he has presented it avails him nothing in this case.

4. With respect to the firearms, the United States also argues, persuasively, that this action was not timely brought. The most generous computation of the statute of limitations applicable to the claim involving the firearms is that the six-year period for the filing of his Rule 41(g) motion did not begin to run until the expiration of the statute of limitations for the United States to file a civil forfeiture action against the seized firearms. *Sims,* 376 F.3d at 709 ("The period will run from the conclusion of the criminal proceedings or civil forfeiture proceedings, or, if no such proceedings are instituted, from the expiration of the statute of limitations for filing the criminal or civil forfeiture case . . . .").

    a. The last date on which the United States could have filed a civil forfeiture action with respect to the firearms was five (5) years after the date the firearms were seized. *See U.S. v. $8,221,877.16*, 330 F.3d 141, 159-160 (3rd Cir. 2003) (19 U.S.C.§ 1621 has been uniformly interpreted to require the government to file a forfeiture complaint within five years–not merely seize property).

    b. Fagan alleges that the firearms were seized on December 12, 1991. The United States thus had through December 12, 1996, in which to file a forfeiture action. Fagan had six years after that date in which to file a motion for the return of the firearms. The 6-year period expired on December 12, 2002.

      c.    Fagan did not file his motion for the return of property within the permitted period. Instead, his motion was filed on September 30, 2005. This was more than 2¾ years after the expiration of the statute of limitations.

      5.    As noted in paragraph 2 of this Entry, an untimely filing seeking relief from the United States fails to invoke the court's subject matter jurisdiction. That is the impediment and the consequence with respect to both the currency and the firearms. The United States' motion to dismiss is granted, and judgment consistent with this Entry shall now issue.

      **IT IS SO ORDERED**.

Date: 05/15/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana